In re CHICAGO RYS. CO.

In re CHICAGO CITY RY. CO. et al.

Nos. 63584, 71912.

United States District Court
N. D. Illinois, E. D.
June 24, 1948.

Thomas Dodd Healy and Jacob I. Grossman, both of Chicago, Ill., for John E. Sullivan, liquidating trustee.

William J. Tuohy, State's Atty., of Chicago, Ill., for People of State of Illinois.

IGOE, District Judge.

Form of order entered on claim.

This cause coming on to be heard upon the petition of the People of the State of Illinois, by William J. Tuohy, State's Attorney of Cook County, Illinois, in the above entitled cause, said petition claiming that the debtors herein were liable for a certain unpaid balance and interest thereon, for the tangible personal property taxes for the year 1946 assessed and levied for the said year 1946 as set forth in the petition and claim of said People.

And It Appearing to the Court that the Trustee herein, John E. Sullivan, of the above named Companies, has heretofore duly filed his objections and answer to said petition and claim of the said People for said unpaid balance and interest thereon, denying said liability or claim or any portion thereof.

And It Further Appearing that at the time of the said assessment and levy of the 1946 tangible personal property taxes the above named Companies were involved in

proceedings for reorganization under the jurisdiction of the Federal Bankruptcy Court for the Northern District of Illinois.

And It Further Appearing that at the time of the aforesaid assessment for the year 1946, that the property of the debtors herein were the subject of sale and negotiation to a proposed municipal corporation which subsequently became the Chicago Transit Authority, a Municipal Corporation created by an Act of the Illinois legislature of the State of Illinois for the operation of a system of publicly owned and operated local transportation in the City of Chicago, County of Cook and State of Illinois.

And It Further Appearing that various public agencies, to wit, the City of Chicago, the Securities and Exchange Commission and a Federal appointed court committee placed a valuation upon certain Plan properties of the debtors herein, prior to the said assessment made herein, in the sum of $75,000,000, which sum included at that time approximately $26,838,674.16 of cash to be turned over to the said Chicago Transit Authority in consideration of said purchase price of $75,000,000. Said $26,838,674.16 of cash was made up as follows:

| | |
|---|---|
| Renewal and Depreciation Reserve Funds | $16,381,584.27 |
| Special renewal and equipment funds | 8,193,792.14 |
| Reserve for damages | 2,118,069.83 |
| Certain purchase and annuity reserves | 145,227.92 |
| | $26,838,674.16 |

And It Further Appearing that the aforesaid $75,000,000 purchase price was to be allocated among the debtors herein as follows:

| | | |
|---|---|---|
| Chicago Railways Company | $44,475,000.00 | 59.30% of total |
| Chicago City Railway Company | 24,966,397.50 | 33.29% of total |
| Calumet and South Chicago Railway Company | 4,717,500.00 | 6.29% of total |
| Southern Street Railway Co. and Chicago & Western Ry. Co. | 841,102.50 | 1.12% of total |

And It Further Appearing that the Bankruptcy Court for the Northern District of Illinois had for a long time prior to the aforesaid assessment, considered the present, past and future operations of the debtors herein, all of which is more fully set forth in a certain Reorganization Plan of the Chicago Surface Line and approved by said Bankruptcy Court on to wit, February 27, 1946, and which said Plan was duly received in evidence in the trial of this cause concerning the aforesaid People's claim for tangible personal property taxes for the year 1946.

And It Further Appearing that the said Plan properties of the debtors herein were duly assigned, sold and transferred on to-wit, the 31st day of October 1947, to the said Chicago Transit Authority, a Municipal Corporation.

And It Further Appearing that the aforesaid tangible personal property taxes were levied and assessed against the debtors herein as of April 1, 1946 for the year 1946, and that at the said time the debtors herein were liable for said taxes if legally due and owing.

And It Further Appearing that the debtors herein have heretofore duly paid all the personal property taxes lawfully levied and assessed against said debtors in the sum of $1,632,727.29, based upon an original assessment made by the local assessor of Cook County in the amount of $58,619,631 against the said tangible personal property for the year 1946, and also based upon an assessment made by the Department of Revenue of the State of Illinois in the amount of $800,000 against intangible personal property, or capital stock, of Chicago Railways Company, one of said debtors, for the year 1946.

And It Further Appearing that the said sum of $1,632,727.29 paid by the trustee of the debtors herein was allocated and payable by the debtors herein as follows:

| | |
|---|---|
| Chicago Railways Co. | $ 950,267.36 |
| Chicago City Railway Company | 577,334.44 |
| Calumet & South Chicago Railway Co. | 105,125.49 |
| | $1,632,727.29 |

And It Further Appearing that the aforesaid original assessment of $58,619,-

631 was increased by the County Clerk of Cook County, Illinois, by the application of a multiplying factor of 1.5900%, in accordance with a direction contained in a certificate by said Department of Revenue to said County Clerk on January 29, 1947.

And It Further Appearing that the application by the County Clerk to the original assessment of these debtors, as made by the local Assessor of Cook County, Illinois, increased the said original assessment as follows:

| | Original Assessed Valuation by local assessor of Cook County | Multiplied by 1.5900 by County Clerk |
|---|---|---|
| Chicago Railways Company | $33,769,448 | $53,693,422 |
| Chicago City Railway Company | 21,016,858 | 33,416,805 |
| Calumet & South Chicago Railway Co. | 3,833,325 | 6,094,987 |
| Total ............ | $58,619,631 | $93,205,214 |

against which there was extended applicable tax rate resulting in an equalized assessment and taxes extended thereon as follows:

| | Assessed Valuation as equalized by Order of State Department of Revenue | Amount of Taxes Billed |
|---|---|---|
| Chicago Railways Company | $53,693,422 | $1,475,945.12 |
| Chicago City Railway Company | 33,416,805 | 917,961.80 |
| Calumet & South Chicago Railway Co. | 6,094,987 | 167,149.55 |
| | $93,205,214 | $2,561,056.47 |

That the applicable tax rate applied to the capital stock assessment of $800,000 hereinbefore mentioned produced a tax extended thereon of $22,000.

And It Further Appearing that the said equalized assessment was distributed by the assessor of Cook County and the County Clerk of Cook County to various towns and taxing districts as set forth in the People's Statement of Claim as enumerated specifically hereunder:

### CALUMET & SO. CHICAGO RAILWAY CO.

| VOLUME | ITEM | ASSESSED VALUATION | TAX | PAID ON ACCT. | UNPAID BALANCE | INTEREST |
|---|---|---|---|---|---|---|
| 46 | 2 | 5,438,967 | 149,571.60 | 94,070.19 | 55,501.40 | 4,440.11 |
| 53 | 956 | 62,147 | 1,709.05 | 1,074.87 | 634.18 | 50.81 |
| 64 | 5 | 51,128 | 1,406.02 | 884.29 | 521.73 | 41.74 |
| 70 | 511 | 134,678 | 3,703.65 | 2,329.33 | 1,374.39 | 109.95 |
| 70 | 694 | 98,933 | 2,720.80 | 1,711.19 | 1,009 61 | 80.77 |
| 70 | 1133 | 80,023 | 2,200.64 | 1,384.06 | 816.58 | 65.33 |
| 71 | 5 | 183,026 | 5,033 22 | 3,165.55 | 1,867.67 | 149 41 |
| 7 | 1 | 22,500 | 432.00 | 271.70 | 160.30 | 12.82 |
| *7 | 10 | 23,580 | 372.57 | 234.31 | 138.26 | 11.06 |
| | | | 167,149.55 | 105,125.49 | 62,024.08 | 4,961.92 |

*In error referred to as Volume 71 in Statement of Claim.

### CHICAGO CITY RY. CO.

| | | | | | | |
|---|---|---|---|---|---|---|
| 91 | 1975 | 8,889,707 | 244,466.93 | 153,752.80 | 90,714.13 | 7,257.13 |
| 103 | 9 | 1,966,250 | 54,071.87 | 34,007.46 | 20,064.41 | 1,605.15 |
| 46 | 4 | 5,103,390 | 140,343.23 | 88,266.17 | 52,077.06 | 4,166.16 |
| 64 | 6 | 14,929,617 | 410,564.47 | 258,216 64 | 152,347.83 | 12,187.83 |
| 69 | 815 | 432,068 | 11,881.87 | 7,472.88 | 4,408.99 | 352.72 |
| 70 | 512 | 498,495 | 13,708.62 | 8,621.77 | 5,086 85 | 406.95 |
| 70 | 695 | 79,688 | 2,191.42 | 1,378.25 | 813.17 | 65.05 |
| 70 | 1139 | 528,359 | 14,529.88 | 9,138.28 | 5,391.60 | 431.33 |
| 71 | 267 | 211,457 | 5,815.07 | 3,657.28 | 2,157.79 | 172.62 |
| 71 | 317 | 91,261 | 2,509.68 | 1,578.42 | 931.26 | 74.50 |
| 71 | 405 | 529,079 | 14,549.68 | 9,150.74 | 5,398.64 | 431.92 |
| 45 | 56 | 120,506 | 2,337.82 | 1,470.33 | 867.49 | 69.40 |
| 80 | 8 | 11,016 | 302.94 | 190.52 | 112 42 | 8.99 |
| 72 | 8 | 8,395 | 230.87 | 145.20 | 85 67 | 6.85 |
| 18 | 1580 | 11,562 | 293.68 | 184.71 | 108.97 | 8.72 |
| 85 | 5 | 3,207 | 88.20 | 55.47 | 32.73 | 2.02 |
| 58 | 877 | 2,748 | 75 57 | 47.52 | 28 05 | 2.24 |
| | | | 917,961.80 | 577,334.44 | 340,627.36 | 27,250.19 |

CHICAGO RAILWAYS CO.

| | | | | | | |
|---|---|---|---|---|---|---|
| 91 | 1981 | 3,198,183 | 87,950.03 | 63,478.00 | 24,472.03 | 1,957.76 |
| 80 | 10 | 4,806,576 | 132,180.83 | 83,132.61 | 49,048.22 | 3,923.86 |
| 103 | 13 | 26,813,596 | 737,373.89 | 463,757.07 | 273,616.72 | 21,889.34 |
| 72 | 10 | 6,358,874 | 174,869.02 | 109,980.53 | 64,888.49 | 5,191.03 |
| 85 | 3 | 368,564 | 10,135.51 | 6,374.53 | 3,760.98 | 300.88 |
| 86 | 963 | 491,870 | 13,526.43 | 8,507.18 | 5,019.25 | 401.54 |
| 57 | 2 | 10,767,463 | 296,105.24 | 186,229.70 | 109,875.54 | 8,790.04 |
| 63 | 678 | 76,770 | 2,111.18 | 1,327.73 | 783.40 | 62.67 |
| 63 | 799 | 146,752 | 4,035.68 | 2,538.17 | 1,497.51 | 119.80 |
| 63 | 966 | 27,949 | 768.60 | 483.40 | 285.20 | 22.82 |
| 63 | 1101 | 140,890 | 3,847.48 | 2,436.75 | 1,437.70 | 115.02 |
| 63 | 1564 | 126,721 | 3,484.83 | 2,191.72 | 1,293.11 | 103.45 |
| 63 | 1610 | 124,602 | 3,426.56 | 2,155.07 | 1,271.49 | 101.72 |
| 63 | 1615 | 11,179 | 307.43 | 193.35 | 114.08 | 9.13 |
| 64 | 7 | 889,351 | 24,457.16 | 15,381.85 | 9,075.31 | 726.02 |
| 46 | 5 | 8,745 | 240.49 | 151.25 | 89.24 | 7.14 |
| 29 | 1839 | 55,303 | 1,249.85 | 786.07 | 463.78 | 37.10 |
| 17 | 4 | 22,866 | 393.30 | 247.35 | 145.95 | 11.68 |
| 8 | 33 | 41,852 | 1,092.34 | 687.00 | 405.34 | 32.43 |
| 13 | 398 | 1,779 | 39.14 | 24.62 | 14.52 | 1.16 |
| 2? | 18 | 13,537 | 323.13 | 203.23 | 119.90 | 9.59 |
| | | | 1,497,945.12 | 950,267.36 | 547,677.76 | 43,814.22 |

And It Further Appearing that this cause came before this Court for hearing on the People's Statement of Claim and the Answer and Objections of the Trustee for the debtors herein, and the People being represented by counsel and the Trustee for the debtors herein being represented by special tax counsel, and the Court having read and considered the People's Statement of Claim and the Trustee's Answer and Objections to said People's Statement of Claim, and the Court having heard the testimony of witnesses and the arguments of respective counsel.

And It Further Appearing to the Court from the evidence in this cause that as of April 1, 1946, the valuation of the debtors' tangible personal property was $36,610,-948.84, arrived at as follows:

| | | |
|---|---|---|
| Sales Price | | $75,000,000.00 |
| Less: | | |
| Renewal and Depreciation Reserve Fund | $16,381,584.27 | |
| Special renewal and equipment funds | 8,193,792.14 | |
| Reserve for damages | 2,118,069.83 | |
| Certain purchase and annuity reserves | 145,227.92 | |
| Less: | | |
| Assessed valuation of real estate for the year 1946 | 11,550,377.00 | |
| Total Deductions | | 38,389,051.16 |
| Balance allocable to tangible personal property | | $36,610,948.84 |

But it further appears that the debtors herein have paid tangible personal property taxes based upon a total assessed valuation of $58,619,631.

And It Further Appearing To the Court:

(a) That Louis E. Nelson is the County Treasurer of Cook County, Illinois, and ex-officio County Collector of Cook County, Illinois, and as such has the duty to collect the taxes extended in the various tax warrant books delivered into his custody;

(b) That Wells E. Crockett is Collector of the Township of Calumet, Cook County, Illinois, and as such has the duty to collect the taxes extended in the various tax warrant books delivered into his custody;

(c) That F. D. Cossitt is Collector of the Township of Lyons, Cook County, Illinois, and as such has the duty to collect the taxes extended in the various tax warrant books delivered into his custody;

(d) That William Harnew is Collector of the Township of Worth, Cook County, Illinois, and as such has the duty to collect the taxes extended in the various tax warrant books delivered into his custody;

(e) That Jerry Dolezal is Collector of the Township of Cicero, Cook County, Illinois, and as such has the duty to collect the taxes extended in the various tax warrant books delivered into his custody;

(f) That Thomas F. Airth is Collector of the Township of Evanston, Cook County, Illinois, and as such has the duty to collect the taxes extended in the various tax warrant books delivered into his custody;

(g) That Arne O. Kvistad is Collector of the Township of Leyden, Cook County, Illinois, and as such has the duty to collect

the taxes extended in the various tax warrant books delivered into his custody;

(h) That Roy L. Stanger is Collector of the Township of Norwood Park, Cook County, Illinois, and as such has the duty to collect the taxes extended in the various tax warrant books delivered into his custody;

(i) That Esther Ross is Collector of the Township of Oak Park, Cook County, Illinois, and as such has the duty to collect the taxes extended in the various tax warrant books delivered into his custody;

(j) That Michael J. Flynn is the County Clerk of Cook County, Illinois, and has the duty to extend the taxes based upon various assessments made against the debtors' property;

(k) That William J. Tuohy is the State's Attorney of Cook County, Illinois, and is duty bound to appear for the County of Cook, Illinois, and its officials in all proceedings involving the collection of taxes and to take all necessary steps to enforce payment thereof;

(l) That all taxes, interest, penalties and costs collected by the aforesaid County Collector on account of delinqent or unpaid taxes are in accordance with law paid into the County Treasurer of Cook County, Illinois;

(m) That the personal property tax warrant books in the possession of said Louis E. Nelson and Michael J. Flynn show taxes levied and the payments as made for the tax year 1946,

Now, Therefore, The Court Finds:

1. That this Court has jurisdiction of the parties hereto and the subject matter hereof.

2. That the debtors herein have heretofore duly paid to the County Collector of Cook County the sum of $1,610,727.29 for tangible personal property taxes assessed and levied for the year 1946 (based upon a total assessed valuation of $58,619,631 as made by the local Assessor of Cook County); and debtor, Chicago Railways Company, heretofore duly paid the further sum of $22,000 for personal property taxes for the year 1946 (based upon a capital stock assessed valuation of $800,000 as made by the Department of Revenue of the State of Illinois) as follows:

| | Amount paid by Debtors |
|---|---|
| Chicago Railways Co. | $ 950,267.36 |
| Chicago City Railway Company | 577,334.44 |
| Calumet and South Chicago Railway Company | 105,125.49 |
| | $1,632,727.29 |

more particularly as set forth in the People's Statement of Claim and described in the County Collector's books as hereinabove.

3. That the above payment of $1,632,727.29, based upon the said original assessed valuation of $58,619,631, against tangible personal property and capital stock assessment of $800,000, as specifically set forth in the People's Statement of Claim and herein, is all and more than was legally due and owing by the debtors herein to the said Cook County for the personal property taxes for the year 1946, and that there is no further sum due from the said debtors herein either for taxes, interest or penalties for personal property taxes for the said year 1946.

4. That there was evidence that the original assessed valuations, as made by the local assessor of Cook County in the amount of $58,619,631 and upon which taxes were paid, are in excess of the true fair cash valuation of the tangible personal property.

And more particularly, the Court finds from the evidence in this cause that as of April 1, 1946, the valuation of the debtors' tangible personal property was $36,610,948.84, arrived at as follows:

| | | |
|---|---|---|
| Sales Price | | $75,000,000.00 |
| Less: | | |
| Renewal and Depreciation Reserve Fund | $16,381,584.27 | |
| Special Renewal and Equipment Funds | 8,193,792.14 | |
| Reserve for Damages | 2,118,069.83 | |
| Certain purchase and annuity reserves | 145,227.92 | |
| Less: | | |
| Assessed valuation of real estate for the year 1946 | 11,550,377.00 | |
| Total Deductions | | 38,389,051.16 |
| Balance allocable to tangible personal property | | $36,610,948.84 |

994

**5.** That the total equalized assessment of $93,205,214 against the debtors herein for tangible personal property taxes for the year 1946, as set forth in the People's Statement of Claim was so grossly in excess of the full fair cash value of the tangible personal property of the debtors herein on April 1, 1946, as to be illegal, void, arbitrary, discriminatory and fraudulent.

**6.** That the said equalized assessment of $93,205,214 was in violation of due process and equal protection of the law, and in violation of the Illinois Revenue Act of 1939, as amended, and in violation of and contrary to the provisions of Section 1 of Article 9 of the Illinois Constitution.

**7.** That the objections of the Trustee for the debtors herein to the aforesaid People's Claim for unpaid 1946 personal property taxes and interest and any penalties thereon, are hereby sustained and the said People's Statement of Claim for said 1946 unpaid balance of personal property taxes and interest and any penalties thereon is hereby denied.

It Is Therefore Ordered:

**1.** That the County Treasurer of Cook County, Illinois, and ex-officio County Collector of Cook County, Illinois, or his agents or successors, is hereby ordered and directed to make such memoranda and notations on the records of his office and under his control which relate to the properties and taxes involved in the People's Statement of Claim as will be in compliance with the findings and order of this Court.

**2.** That the County Clerk of Cook County, Illinois, or his agents or successors, is hereby directed and ordered to make such memoranda and notations on the records in his office and under his control which relate to the properties and taxes involved in the People's Statement of Claim, in accordance with the order and findings of this Court.

**3.** That the State's Attorney of Cook County, or his agents or successors, is hereby ordered and directed to make such memoranda and notations on the records in his office and under his control which relate to the properties and taxes involved

in the People's petition and Statement of Claim as will comply with the order and findings of this Court.

And It Is Further Ordered that the State's Attorney of Cook County, Illinois, the County Clerk of Cook County, Illinois, the County Treasurer of Cook County, Illinois, and ex-officio County Collector of Cook County, Illinois, the Collector of the Township of Calumet, the Collector of the Township of Lyons, the Collector of the Township of Worth, the Collector of the Township of Cicero, the Collector of the Township of Evanston, the Collector of the Township of Leyden, the Collector of the Township of Norwood Park, the Collector of the Township of Oak Park, and their successors, other township collectors, or any of their successors, agents, attorneys, servants, assistants, deputies or employees are hereby perpetually enjoined and restrained from enforcing or attempting to enforce against the Trustee of the debtors herein or against any of its successors or assigns of the Chicago Transit Authority, a municipal corporation, any and all liens, claimed to exist by virtue of the 1946 personal property taxes as set forth in the People's Statement of Claim and in the County Collector's Warrant Books as specified immediately below:

| Calumet and South Chicago Railway Company | | Chicago City Railway Co. | |
|---|---|---|---|
| Volume Number | Item Number | Volume Number | Item Number |
| 46 | 2 | 91 | 1975 |
| 53 | 956 | 103 | 9 |
| 64 | 5 | 46 | 4 |
| 70 | 511 | 64 | 6 |
| 70 | 694 | 69 | 815 |
| 70 | 1138 | 70 | 512 |
| 71 | 5 | 70 | 695 |
| 7 | 1 | 70 | 1139 |
| 7 | 10 | 71 | 267 |
| | | 71 | 317 |
| Chicago Railways Company | | 71 | 465 |
| | | 45 | 56 |
| Volume Number | Item Number | 80 | 8 |
| | | 72 | 8 |
| 91 | 1981 | 18 | 1580 |
| 80 | 10 | 85 | 5 |
| 103 | 13 | 58 | 877 |
| 72 | 10 | | |
| 85 | 3 | | |
| 86 | 963 | | |
| 57 | 2 | | |
| 63 | 678 | | |
| 63 | 799 | | |
| 63 | 966 | | |
| 63 | 1101 | | |

| | |
|---|---|
| 63 | 1564 |
| 63 | 1610 |
| 63 | 1015 |
| 64 | 7 |
| 46 | 5 |
| 29 | 1839 |
| 17 | 4 |
| 8 | 33 |
| 13 | 398 |
| 27 | 18 |

and from collecting or attempting to collect in any manner whatsoever any and all personal property taxes claimed to be due from this Trustee or the debtors or their successors or assigns or the Chicago Transit Authority, a municipal corporation, as set forth in the People's Statement of Claim, for the year 1946, as specified in the following County Collector's books:

in office and any and all tax collecting districts, bodies or agencies, and each and all of their deputies, agents, employees and attorneys, and each of them and any and all persons claiming through or under them, are hereby forever barred and foreclosed of and from any and all right, title and interest in said 1946 personal property taxes claimed to be due from these debtors or any of them, their successors or assigns, or the Chicago Transit Authority, as set forth in said People's Statement of Claim.

It Is Further Ordered that any and all liens for personal property taxes for the year 1946, together with all interest, penalty and costs, which the People of the State of Illinois or any political subdivision thereof claim or may claim by virtue of the levy of taxes as specified in the following Collector's Warrant Books of the Collector of Cook County, Illinois, are hereby forever extinguished and discharged.

**Calumet and South Chicago Railway Company**

| Volume Number | Item Number |
|---|---|
| 46 | 2 |
| 53 | 956 |
| 64 | 5 |
| 70 | 511 |
| 70 | 694 |
| 70 | 1138 |
| 71 | 5 |
| 7 | 1 |
| 7 | 10 |

**Chicago City Railway Co.**

| Volume Number | Item Number |
|---|---|
| 91 | 1975 |
| 103 | 9 |
| 46 | 4 |
| 64 | 6 |
| 69 | 815 |
| 70 | 512 |
| 70 | 695 |
| 70 | 1139 |
| 71 | 267 |
| 71 | 317 |
| 71 | 405 |
| 45 | 56 |
| 80 | 8 |
| 72 | 8 |
| 18 | 1580 |
| 85 | 5 |
| 58 | 877 |

**Chicago Railways Company**

| Volume Number | Item Number |
|---|---|
| 91 | 1981 |
| 80 | 10 |
| 103 | 13 |
| 72 | 10 |
| 85 | 3 |
| 86 | 963 |
| 57 | 2 |
| 63 | 678 |
| 63 | 799 |
| 63 | 966 |
| 63 | 1101 |
| 63 | 1564 |
| 63 | 1610 |
| 63 | 1615 |
| 64 | 7 |
| 46 | 5 |
| 29 | 1839 |
| 17 | 4 |
| 8 | 33 |
| 13 | 398 |
| 27 | 18 |

**Calumet & South Chicago Railway Company**

| Volume Number | Item Number |
|---|---|
| 46 | 2 |
| 53 | 956 |
| 64 | 5 |
| 70 | 511 |
| 70 | 694 |
| 70 | 1123 |
| 71 | 5 |
| 7 | 1 |
| 7 | 10 |

**Chicago Railways Company**

| Volume Number | Item Number |
|---|---|
| 91 | 1981 |
| 80 | 10 |
| 103 | 13 |
| 72 | 10 |
| 85 | 3 |
| 86 | 963 |
| 57 | 2 |
| 63 | 678 |
| 63 | 799 |
| 63 | 966 |
| 63 | 1101 |
| 63 | 1564 |
| 63 | 1610 |
| 63 | 1615 |
| 64 | 7 |
| 46 | 5 |
| 29 | 1839 |
| 17 | 4 |
| 8 | 33 |
| 13 | 398 |
| 27 | 18 |

**Chicago City Railway Co.**

| Volume Number | Item Number |
|---|---|
| 91 | 1975 |
| 103 | 9 |
| 46 | 4 |
| 64 | 6 |
| 69 | 815 |
| 70 | 512 |
| 70 | 695 |
| 70 | 1139 |
| 71 | 267 |
| 71 | 317 |
| 71 | 405 |
| 45 | 56 |
| 80 | 8 |
| 72 | 8 |
| 18 | 1580 |
| 85 | 5 |
| 58 | 877 |

And It Is Further Ordered that the People of the State of Illinois, or any subdivision thereof, including the said Louis E. Nelson, County Collector of Cook County, Illinois, and his successor and successors

It Is Further Ordered that the County Treasurer of Cook County, Illinois and ex-officio County Collector of Cook County, Illinois, correct his 1946 personal property tax warrant books and any other records in his office to show the following assessed valuations for the said year 1946, being the valuations which the debtors herein have heretofore paid their 1946 personal property taxes.

Calumet and South Chicago Railway Company

| Volume | Item | Valuation |
|---|---|---|
| 46 | 2 | $3,420,734 |
| 53 | 956 | 39,086 |
| 64 | 5 | 32,156 |
| 70 | 511 | 84,703 |
| 70 | 694 | 62,225 |
| 70 | 1138 | 50,329 |
| 71 | 5 | 115,111 |
| 7 | 1 | 14,151 |
| 7 | 10 | 14,830 |

Chicago City Railway Company

| Volume | Item | Valuation |
|---|---|---|
| 91 | 1975 | $5,591,011 |
| 103 | 9 | 1,236,635 |
| 46 | 4 | 3,209,679 |
| 64 | 6 | 9,389,696 |
| 69 | 815 | 271,741 |
| 70 | 512 | 313,519 |
| 70 | 695 | 50,118 |
| 70 | 1139 | 332,301 |
| 71 | 267 | 132,992 |
| 71 | 317 | 57,397 |
| 71 | 405 | 332,754 |
| 45 | 56 | 75,790 |
| 80 | 8 | 6,928 |
| 72 | 8 | 5,280 |
| 18 | 1580 | 7,272 |
| 85 | 5 | 2,017 |
| 58 | 877 | 1,728 |

Chicago Railways Company

| Volume | Item | Valuation |
|---|---|---|
| 91 | 1981 | $1,503,291* |
| 91 | 1981 | 800,000** |
| 80 | 10 | 3,023,004 |
| 103 | 13 | 16,863,897 |
| 72 | 10 | 3,999,292 |
| 85 | 3 | 231,801 |
| 86 | 963 | 309,352 |
| 57 | 2 | 6,771,989 |
| 63 | 678 | 48,288 |
| 63 | 799 | 92,297 |
| 63 | 966 | 17,578 |
| 63 | 1101 | 88,610 |
| 63 | 1564 | 79,699 |
| 63 | 1610 | 78,366 |
| 63 | 1615 | 7,031 |
| 64 | 7 | 559,340 |
| 46 | 5 | 5,500 |
| 29 | 1839 | 34,782 |
| 17 | 4 | 14,381 |
| 8 | 33 | 26,322 |
| 13 | 398 | 1,119 |
| 27 | 18 | 8,514 |

*Applies to tangible personal property.

It Is Further Ordered that this order shall be entered without prejudice to any rights that John E. Sullivan, Trustee of the Chicago Railways Company, a corporation, of the Chicago City Railway Company, a corporation, and of the Calumet & South Chicago Railway Company, a corporation, has or may have to a refund or refunds of all, or any portion, of personal property taxes for the year 1946 heretofore paid under protest on the ground of illegal tax rates, as prayed in Petitions for the Refund of 1946 Personal Property Taxes, Case Numbers 120682 and 120683, now pending before the County Court of Cook County, Illinois, which rights to a refund or refunds of all or a portion of said 1946 personal property taxes paid as aforesaid, under protest on the ground of illegal tax rates (under the said Petitions or otherwise) may be pursued by said John E. Sullivan, as Trustee as aforesaid, in the County Court of Cook County, Illinois.

It Is Further Ordered that a Writ of Injunction issue out of this court in conformity with this Order and Decree.

### Additional and Supplemental Findings of Fact and Conclusions of Law.

This matter coming on to be heard upon the Court's own motion, and it appearing to the Court that it desires to file additional and supplemental findings of fact and conclusions of law to its order denying the claim of the People of the State of Illinois for Personal Property taxes allegedly due for the year of 1946, and the Court being fully advised in the premises does make the following additional and supplemental findings of fact and conclusions of law:

(1) That the said equalized assessment is illegal and void and deprives these debtors of property without "Due Process" of law, contrary to and in violation of the Fourteenth Amendment of the Federal Constitution and Section 2 of Article 2 of the Illinois Constitution, Smith-Hurd Stats., in that neither these debtors nor any of the thousands of affected taxpayers in Cook County, Illinois, whose assessments were equalized by the aforesaid Certificate of

**Applies to capital stock.

the Illinois State Department of Revenue directed to the County Clerk of Cook County, Illinois on to wit, January 29, 1947, received any due or proper notice or any individual or general notice from the said Illinois State Department of Revenue as to said multiplying or reciprocal factor of 1.5900 and its application by the County Clerk of Cook County, Illinois to all assessments made by the said local Assessor of Cook County, Illinois for the tax year 1946.

(2) That contrary to the public interest and the interest of these debtors and contrary to the law as hereinabove specified, the said Illinois State Department of Revenue did not accord to these debtors nor to any of the thousands of similarly affected taxpayers in Cook County, Illinois, any opportunity whatsoever to be heard in reference to the aforesaid reciprocal or multiplying factor of 1.5900 either as to the method used in arriving at the same or as to its fairness or as to its correctness or as to its legality, either before or after its determination and certification to the County Clerk of Cook County, Illinois.

(3) That the said equalized assessment is illegal and void and deprives these debtors of property without "Due Process" of law, contrary to and in violation of the Fourteenth Amendment of the Federal Constitution and Section 2 of Article 2 of the Illinois Constitution in that neither these debtors nor any of the thousands of similarly affected taxpayers in Cook County, Illinois, received any due or proper notice or individual or general notice whatsoever from the County Clerk of Cook County, Illinois that he, the said County Clerk of Cook County, Illinois, was about to increase each and every assessment made by the local Assessor of Cook County, Illinois for the year 1946 by multiplying each and every said assessment by a reciprocal factor of 1.5900 as directed by the Illinois State Department of Revenue on to wit, January 29, 1947.

(4) That the aforesaid multiplier or reciprocal factor of 1.5900 was arrived at and determined by the Illinois State Department of Revenue by a consideration of real estate transfers and appraisals only, that is to say, by a comparison of assessed values to sale price of various parcels of real estate over a given period of time, and not upon any survey or consideration of the value of personal property.

(5) That the said Department of Revenue in arriving at the aforesaid reciprocal of 1.5900 neglected or wilfully failed to consider the relationships of assessed value to actual or sale value of tangible personal property, viz.: machinery, inventories, furniture, fixtures, money, stocks, bonds, capital stock and divers other forms of personal property.

■ (6) That it was, therefore, wholly erroneous, illegal, void and constructively fraudulent to apply to the tangible personal property assessment of these debtors the aforesaid reciprocal or multiplying factor of 1.5900, which was a factor based upon real estate transfers and appraisals only and had no relationship whatsoever to the tangible personal property of these debtors.

(7) That the said reciprocal or multiplying factor of 1.5900 is an illegal and void factor in that the said Illinois State Department of Revenue failed to take into account the revisions as made by the Board of Appeals of Cook County, Illinois, as required by Section 146 of the Revenue Act of 1939, as amended, Ill.Rev.Stats. Chap. 120, § 627.

(8) That the aforesaid reciprocal or multiplying factor of 1.5900 is erroneous, illegal and void in that the said Illinois State Department of Revenue considered only a nominal number of real estate transfers and appraisals in Cook County, Illinois, in comparison to the total number of parcels of real estate in Cook County, Illinois.

It Is Therefore Ordered that this Findings become part of the order heretofore entered herein denying said tax claim, and that a copy thereof be sent to counsel for the Trustee and the State's Attorney of Cook County, Illinois.